UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERT M. PAYTON,<br><br>            Plaintiff,<br><br>     v.<br><br>MONTGOMERY,<br><br>            Defendant. | No.  2:22-cv-1177 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in a civil rights action under 42 U.S.C. § 1983.  Pending before the court is plaintiff's declaration and motion for relief.  ECF No. 37.

I.     Background

Upon screening of the complaint, the undersigned found that plaintiff had sufficiently stated Eighth Amendment sexual assault and deliberate indifference to safety claims against defendant Montgomery, based on alleged incidents at California Medical Facility ("CMF").  ECF Nos. 1, 12.  After defendant waived service, the court issued a post screening Alternative Dispute Resolution ("ADR") referral and stayed the case.  ECF No. 20.  A settlement conference was set for January 10, 2025.  ECF No. 23.

On the day of the settlement, the court was informed that plaintiff refused to attend the settlement conference.  ECF No. 26.  Plaintiff was ordered to show cause why she failed to participate in the settlement conference and comply with this court's order.  ECF No. 27.  Plaintiff filed a response indicating that she failed to attend the January 10, 2025, settlement

1

conference because she refused to be escorted to the settlement conference by two officers who had allegedly assaulted her in December 2024. ECF No. 29. Plaintiff asked for a new settlement date. Id. at 3. The court vacated the order to show cause and granted plaintiff's request for a new settlement date. ECF No. 30.

A settlement conference was set for April 18, 2025. ECF No. 31. Once again, plaintiff failed to attend the settlement conference. ECF No. 33. In light of this, the court lifted the stay and ordered defendants to respond to the complaint. ECF nos. 34, 35.

On May 12, 2025, defendants filed a motion to dismiss. ECF No. 36. A week later, plaintiff filed a declaration regarding the settlement conference and a motion for relief. ECF No. 37. Defendants filed an opposition, which construed plaintiff's filing as a motion for a preliminary injunction. ECF No. 38. On June 25, 2025, the court received plaintiff's change of address. ECF No. 39. Plaintiff was transferred from Kern Valley State Prison ("KVSP") to Mule Creek State Prison ("MCSP").

II.     Plaintiff's Declaration and Motion for Relief

Plaintiff delares that defendants prevented her from attending the April 18, 2025, settlement conference by failing to give her state issued clothing, and then denying her the ability to attend the settlement conference on the grounds that she was not wearing state issued clothing. ECF No. 37. Plaintiff states that the officers refused to take her to the settlement conference even after she held the yard hostage, demanding she be allowed to attend. Id. at 2.

Plaintiff also declares that on April 27, 2025, several officers attack and assaulted her in her cell. Id. They also destroyed her legal paperwork and other property, and placed plaintiff in administrative segregation ("Ad seg") based on false charges. Id.

Plaintiff claims that she is without legal supplies needed to adequately represent herself and correspond with the court, and that KVSP officers have denied her access to the law library. Plaintiff asks the court to force the California Department of Corrections and Rehabilitation ("CDCR") and/or KVSP to honor plaintiff's right to access the law library. Plaintiff indicates she will be filing a motion to appoint counsel soon because she cannot represent herself under these conditions. Id. at 4.

III. <u>Defendants' Opposition</u>

Defendants respond that plaintiff's declaration admits she refused to comply with lawful orders, which led to her failure to appear for the settlement conference. ECF No. 38 at 2. With respect to plaintiff's request for order against CDCR and/or KVSP, defendants argue that it is essentially a motion for a preliminary injunction and must be denied because plaintiff has not shown she is entitled to a preliminary injunction, the court does not have jurisdiction over KVSP officers as they are not parties to this action and therefore cannot be enjoined, and plaintiff must first seek administrative remedies before filing a new suit regarding these new unrelated claims. <u>Id.</u> at 2-4.

IV. <u>Discussion</u>

As a preliminary matter, because early ADR is not mandatory and there is no outstanding order to show cause regarding plaintiff's failure to attend the second settlement conference, there is no need for the court to address any of the parties' arguments raised with respect to this issue.

To the extent plaintiff's declaration attempts to add claims against CDCR, KVSP, and/or KVSP officers, she should not be allowed to. The time to amend the complaint as a matter of course has expired, <u>see</u> Fed. R. Civ. P. 15(a)(1), and the opposing party has not provided written consent to amendment. Fed. R. Civ. P. 15(a)(2). While the court may freely grant leave to amend "when justice so requires," the Prison Litigation Reform Act ("PLRA") and rules concerning joinder of parties and claims counsel against or do not allow these amendments for the reasons that follow.

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to

3

1   ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act ("PLRA")
2   limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment
3   of the required fees. 28 U.S.C. § 1915(g)." Id.

4   Claims against officers at KVSP for interfering with plaintiff's access to the courts, for assault, deprivation of property, and/or placement in administrative segregation, arising from events which occurred three years after the alleged sexual assault and deliberate indifference in this case, are not based on the same facts and/or against the same defendant and therefore cannot be joined in this action. Moreover, the court agrees with defendants that if the court allowed plaintiff to add these claims in the present case, it would impermissibly permit plaintiff to circumvent the PLRA's express limitations.

11  To the extent that plaintiff seeks a preliminary injunction against CDCR and/or KVSP, the undersigned recommends the court deny plaintiff's motion. A district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties. Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) (per curiam) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") (citation omitted). The only defendant in this case is defendant Montgomery, a correctional officer employed at the CMF on or about April 16, 2022. See ECF No. 12 at 1-2. Absent facts showing that CDCR and/or KVSP is acting "in active concert or participation" with defendant Montgomery, the court does not have jurisdiction over those nondefendants. See Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.").

23  Moreover, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction" unless there is a nexus between the injury claimed in the motion and the underlying complaint. Pacific Radiation Oncology, LLC, v. Queen's Med. Ctr., 810 F.3d 631, 633, 636 (9th Cir. 2015). As discussed above, it appears plaintiff is seeking injunctive relief based on alleged recent incidents at KVSP, which were not pled in the complaint. Because there is no relation between the recent injury

4

claimed in the motion—assault, deprivation of property and access to the law library, and placement in administrative segregation—and the complaint for sexual assault and deliberate indifference, the court lacks authority to issue an injunction.

Additionally, plaintiff's motion, to the extent it seeks access to the law library at KVSP, is denied as moot because plaintiff has been transferred out of KVSP. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) (the transfer of an inmate to a new prison will usually moot a challenge to conditions at a "particular facility"). However, the court construes plaintiff's notice of change of address and assertions regarding lack of access to the law library at MCSP due to a lockdown, ECF No. 39, as a motion for an extension of time, and will grant this request. Plaintiff will be provided thirty days from the date of this order to file an opposition to defendant's motion to dismiss (ECF No. 36).

V.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for relief (ECF No. 37) is construed, in part, as a motion to access the law library at KVSP and is denied as moot.

2. Plaintiff's notice of change of address (ECF No. 39) is construed as a request for an extension of time and granted. Within thirty days of the date of this order, plaintiff shall file and serve an opposition to the motion to dismiss or statement of non-opposition. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

**IT IS HEREBY RECOMMENDED** that plaintiff's declaration and motion for relief (ECF No. 37) be construed in part as a motion to amend the complaint and for a preliminary injunction and, as such, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

5

with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 21, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE