UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERT MAURICE PAYTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONTGOMERY,<br><br>　　　　Defendant. | No.  2:22-cv-1177 DJC AC P<br><br><br>ORDER |

　　　　On May 12, 2025, defendants filed a Motion to Dismiss and served plaintiff.  ECF No. 36.  On June 25, 2025, the court received plaintiff's notice of change of address.  ECF No. 39.  On July 21, 2025, the court construed plaintiff's notice of change of address as a motion for an extension of time and granted plaintiff thirty days from the date of the order to file and serve an opposition to the motion to dismiss or statement of non-opposition.  ECF No. 40 at 5.  Plaintiff was warned that "[f]ailure to comply with [the court's] order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  Id.

　　　　On September 23, 2025, after plaintiff failed to file an opposition or statement of non-opposition to the motion to dismiss, the court issued an order providing plaintiff with a final opportunity to file an opposition or statement of non-opposition to defendants' motion to dismiss.  ECF No. 42.  Plaintiff was warned that "[p]ursuant to Local Rule 230(l), '[f]ailure of the

1

responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to granting the motion and may result in the imposition of sanctions.' E.D. Cal. L.R. 230(l).  Sanctions include dismissal for failure to prosecute and for failure to comply with these rules and a court order." Id. at 1.

On October 7, 2025, the court received plaintiff's statement of non-opposition, which states plaintiff does not oppose defendants "motion to dismiss plaintiff's request for an injunction" and that "[p]laintiff is ready to proceed with pre-trial proceedings."  ECF No. 43.  This statement, however, is not a statement of non-opposition to the motion that is before the court—defendants' motion to dismiss the entire action under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 36).  Instead, it is a statement of non-opposition to defendants' opposition to plaintiff's Declaration regarding Settlement and Motion for Relief, which this court construed in part as a motion for a preliminary injunction and has already denied.  See ECF No. 37-38, 40-41.

Because it appears plaintiff misunderstood the court's prior order, plaintiff will be given one final opportunity to file an opposition to defendants' motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) filed May 12, 2025, ECF No. 36.  To avoid further confusion, the court will direct the clerk of the court to send plaintiff a copy of the motion at issue.

Plaintiff is reminded that pursuant to Local Rule 230(l), "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to granting the motion and may result in the imposition of sanctions."  E.D. Cal. L.R. 230(l).  Sanctions include dismissal for failure to prosecute and for failure to comply with these rules and a court order.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff shall file and serve an opposition to defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or a statement of non-opposition to defendant's motion, no later than November 7, 2025.  Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), *without further warning*.

2.       The Clerk of the Court is directed to send plaintiff a one-time courtesy copy of defendants' motion to dismiss, ECF No. 36.

DATED: October 10, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3