UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERT MAURICE PAYTON,<br><br>        Plaintiff,<br><br>    v.<br><br>MONTGOMERY,<br><br>        Defendant. | No.  2:22-cv-1177 DJC AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

      On May 12, 2025, defendants filed a Motion to Dismiss and served plaintiff.  ECF No. 36.  On June 25, 2025, the court received plaintiff's notice of change of address.  ECF No. 39.  On July 21, 2025, the court construed plaintiff's notice of change of address as a motion for an extension of time and granted plaintiff thirty days from the date of the order to file and serve either an opposition to the motion to dismiss or a statement of non-opposition.  ECF No. 40 at 5.  Plaintiff was warned that "[f]ailure to comply with [the court's] order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  Id.

      On September 23, 2025, after plaintiff failed to file an opposition or statement of non-opposition to the motion to dismiss, the court issued an order providing plaintiff with a final opportunity to file an opposition or statement of non-opposition to defendants' motion to dismiss.  ECF No. 42.  Plaintiff was warned that

1

> [p]ursuant to Local Rule 230(l), '[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to granting the motion and may result in the imposition of sanctions.' E.D. Cal. L.R. 230(l). Sanctions include dismissal for failure to prosecute and for failure to comply with these rules and a court order.

Id. at 1.

On October 7, 2025, the court received plaintiff's statement of non-opposition, which states plaintiff does not oppose defendants' "motion to dismiss plaintiff's request for an injunction" and that "[p]laintiff is ready to proceed with pre-trial proceedings." ECF No. 43. This statement, however, is not a statement of non-opposition to the motion that is before the court—defendants' motion seeks dismissal of the entire action under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 36). Rather, plaintiff's filing responds to defendants' opposition to plaintiff's Declaration regarding Settlement and Motion for Relief, which this court construed in part as a motion for a preliminary injunction and has already denied. See ECF No. 37-38, 40-41.

Because it appeared plaintiff misunderstood the court's September 23rd order, he was given a final opportunity to file an opposition to defendants' Rule 12(b)(6) motion to dismiss, by November 7, 2025. ECF No. 44. To avoid further confusion, the court directed the Clerk of the Court to send plaintiff a copy of the motion at issue. Id. at 2-3. At that time, plaintiff was advised that pursuant to Local Rule 230(l), if he failed to file an opposition or statement of no opposition to defendant's motion to dismiss, the court could dismiss this case for failure to prosecute. Id. at 2. Plaintiff was further warned that "[f]ailure to comply with this order will result in a recommendation that this action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), *without further warning*." Id. (emphasis in original).

The deadline to file an opposition to defendant's motion to dismiss has passed and plaintiff has not filed a response to the motion or otherwise responded to the court's October 14, 2025, order. Accordingly, the undersigned is recommending this action be dismissed for failure to prosecute.

////

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  Because this case cannot move forward without plaintiff's participation, the court finds the factors weigh in favor of dismissal.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 20, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE